SUPREME COURT OF ARIZONA

| | | |
|---|---|---|
| ROBERT BACKIE, an individual and a qualified elector of Congressional District 1, | ) ) ) ) | Arizona Supreme Court No. CV-24-0089-AP/EL |
| Plaintiff/Appellant, | ) ) ) | Maricopa County Superior Court No. CV2024-008687 |
| v. | ) ) | |
| KIM GEORGE, et al., | ) ) | |
| Defendants/Appellees. | ) ) | |
| _____ | ) | **FILED 05/08/2024** |

**DECISION ORDER**

On April 29, 2024, Appellant/Plaintiff/Challenger Backie filed a timely Notice of Appeal. On April 30, 2024, Maricopa County filed the "Maricopa County Defendants-Appellees' Notice of Decision-Deadline for Ballot Printing" advising the Court of the need to decide this matter no later than May 13, 2024. The parties agreed to an expedited stipulated briefing schedule and submitted simultaneous briefs. Upon consideration of the briefs filed by Challenger and by Appellee/Defendant Candidate George, along with the record in this matter, a panel, consisting of Vice Chief Justice Timmer and Justices Bolick, Montgomery, and King finds as follows.

On April 24, 2024, the trial court conducted a trial in this expedited election challenge. Candidate filed her nomination petition as a Republican seeking the office of U.S. Representative for Congressional District 1. The parties have stipulated that pertinent to the appeal, out-of-state circulators Lopez, Ramirez, Weltman, and

Okwaraji all collected signatures for Candidate after they opened their Circulator Portal accounts but before registering on the Circulator Portal to circulate for Candidate. Circulator Humphries collected signatures for Candidate after he opened his Circulator Portal account but never registered to circulate nomination petitions for Candidate.

As we set forth in our decision order in *Breckling v. Hernandez*, CV-24-0087-AP/EL (May 7, 2024):

> A.R.S. § 16-315(D) provides that non-resident circulators must register. The statute does not require that non-resident circulators register for a specific candidate. In other contexts, the Legislature has required discrete registrations for specific petition issues. See A.R.S. § 19-118(A); *Leibsohn v. Hobbs*, 254 Ariz. 1, 6-7, ¶ 20 (2022) (reviewing statewide initiative and referendum petitions). The requirements for candidate petitions [are] different than for ballot measures. *See Powers v. Carpenter*, 203 Ariz. 116, 118, ¶ 10 (2002) (refusing to apply statute governing ballot measure petitions to candidate nomination petitions); *Morales v. Archibald*, 246 Ariz. 398, 401, ¶ 12 (2019) (declining to "conflate[] the process for recalls with those for initiatives and referenda").

> The Legislature has authorized the Secretary to "establish . . . a procedure for registering circulators" through the Elections Procedures Manual ("EPM"), see A.R.S. § 16-315(D). The EPM does not expressly instruct that separate, per-candidate registrations are a prerequisite to the associated signatures' substantive validity. See EPM Chapter 6, sec. 2 subsec. (C). Even if that were true, the statute does not contain a requirement that circulators register for a particular candidate. *Cf. Leach v. Hobbs*, 250 Ariz. 572, 576, ¶¶ 20–21 (2021) (EPM's creation of a de-registration process for ballot measure circulators could not affect the circulators' statutory responsibilities or the legal sufficiency of underlying signatures). The EPM confirms that circulators who are not

residents of Arizona must register with the Secretary of State "prior to circulating: . . . a candidate petition in any Arizona jurisdiction (statewide, county, city, or town)." See EPM Chapter 6, sec. 2 subsec. (B) (emphasis added). Failure to do so invalidates the signatures collected by the circulator prior to registration.

In this case, the challenged circulators properly registered as required by A.R.S. § 16-315(D) prior to circulating nomination petitions on behalf of Candidate George. Therefore, Candidate had sufficient signatures in her nomination petitions to appear on the ballot.

**IT IS ORDERED** affirming the trial court's decision and directing Maricopa County to include candidate Kim George on the ballot.

DATED this 8th day of May, 2024.

_____/s/_____
ANN A. SCOTT TIMMER
Vice Chief Justice

TO:

Eric H Spencer
Charlene Anne Warner
Savannah C Wix
Jennifer Wright
Nancy M Bonnell
Kara Karlson
Karen J Hartman-Tellez
Kyle R Cummings
Amy B. Chan
William Davis
Joseph Eugene La Rue
Jack O'Connor
Rosa Aguilar
Anna Critz
Kimberly D Chamberlain
Stephanie Large
Hon. John R Hannah Jr, Judge
Hon. Jeff Fine, Clerk